UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH BIVINS,

    Plaintiff,

v.

DR. JEU,

    Defendant.

No. 2:16-cv-0389 MCE KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. By order filed July 19, 2018, Dr. Jeu was dismissed from this action without prejudice, and plaintiff was granted leave to file an amended complaint against Dr. Borges.

    On August 9, 2018, plaintiff filed an amended complaint naming only Dr. Moon as a defendant. On August 15, 2018, plaintiff filed a second amended complaint naming both Dr. Moon and Dr. Borges as defendants. Thus, plaintiff's second amended complaint is now before the court.

Screening Standards

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Discussion

Dr. Moon

First, plaintiff was not granted leave to name additional defendants in his amended pleading. Rather, plaintiff was granted leave to name Dr. Borges because Dr. Borges was the only individual named in plaintiff's initial appeal FSP HC 15015865. (ECF No. 48 at 11.) Dr. Moon was not named as a defendant in plaintiff's original complaint. Because plaintiff was not granted leave to amend his complaint to add new defendants, or to name Dr. Moon as a defendant, Dr. Moon should be dismissed without prejudice.

////

////

2

<u>Dr. Borges</u>

Plaintiff alleges that Dr. Borges was deliberately indifferent to plaintiff's serious medical needs by denying plaintiff Harvoni medication treatment for plaintiff's Hepatitis C virus, relying on outdated criteria to find plaintiff should only receive interferon, which is known to cause complications in African Americans. Plaintiff contends Dr. Borges applied guidelines and criteria not applicable to Harvoni to deny plaintiff adequate medical treatment.

The court has reviewed plaintiff's second amended complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable Eighth Amendment claim against defendant Dr. Borges. <u>See</u> 28 U.S.C. § 1915A.

<u>Conclusion</u>

1. Service is appropriate for the following defendant: Dr. Borges.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the second amended complaint (ECF No. 52).

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Two copies of the endorsed amended complaint (ECF No. 52).

4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant under Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS HEREBY RECOMMENDED that Dr. Moon be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 6, 2018

_____<br>
KENDALL J. NEWMAN<br>
UNITED STATES MAGISTRATE JUDGE

/bivi0389.1.56

|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOSEPH BIVINS, | No. 2:16-cv-0389 MCE KJN P |
|---|---|
| Plaintiff, | |
| v. | <u>NOTICE OF SUBMISSION OF DOCUMENTS</u> |
| DR. JEU, | |
| Defendant. | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 forms

    \_\_\_\_        copies of the _____
                              Amended Complaint

DATED:

                                                  _____
                                                  Plaintiff