UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BIVINS, | No. 2:16-cv-0389 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. JEU, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On April 14, 2020, the undersigned recommended that defendant Borges' motion for summary judgment be granted.  Plaintiff did not file objections.  Rather, on May 15, 2020, plaintiff filed a notice of appeal and a request for appointment of counsel.  Plaintiff's appeal was processed to the Court of Appeals for the Ninth Circuit.  On June 26, 2020, the appellate court dismissed plaintiff's appeal.

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, and in light of the ruling on defendant's motion for summary judgment, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

However, because plaintiff did not file objections, but rather chose to file an interlocutory appeal, the undersigned grants plaintiff an extension of time in which to file objections.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 82) is denied without prejudice; and

2. Plaintiff is granted thirty days from the date of this order in which to file objections to the April 14, 2020 findings and recommendations.

Dated:  July 6, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bivi0389.31