UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BIVINS,<br><br>             Plaintiff,<br><br>      v.<br><br>DR. JEU, et al.,<br><br>             Defendants. | No.  2:16-cv-0389 MCE KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Plaintiff has renewed his request that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library

access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

On April 14, 2020, the undersigned recommended that defendant Dr. Borges' motion for summary judgment be granted. While the undersigned appreciates the difficulties plaintiff faces in connection with the precautions being taken in light of the COVID-19 pandemic, the court has considered the factors under Palmer, and finds that plaintiff cannot meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

However, in an abundance of caution, plaintiff is granted another extension of time in which to file objections.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 88) is denied without prejudice; and

2. Plaintiff is granted sixty days in which to file objections to the findings and recommendations.

Dated:  August 18, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bivi0389.31(2)