UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BIVINS,<br><br>   Plaintiff,<br><br>  v.<br><br>DR. JEU, et al.,<br><br>   Defendants. | No. 2:16-cv-0389 MCE KJN P<br><br><br>ORDER |

  Plaintiff is a state prisoner, proceeding without counsel. On April 14, 2020, the undersigned recommended that the motion for summary judgment filed by Dr. Jeu, the sole remaining defendant, be granted and this action be terminated. Plaintiff seeks reconsideration of the court's order denying the appointment of counsel, based on his claims that he has no access to any legal materials and there was no legal delivery system in place for COVID-19. (ECF No. 90 at 1.) In response to the court's further briefing order, defendants submitted evidence concerning the modifications that have been implemented due to COVID-19, including limited physical access to the law library, and access to the prison's paging services, where inmates may obtain research, legal forms, and photocopies. (ECF No. 92 at 2.) In addition, the litigation coordinator's records reflect plaintiff has not accessed the library or made any request to access the library or legal materials since at least April 1, 2020. (Id.) In November, the library is providing limited PLU and GLU access. (ECF No. 92-1 at 2.)

In light of the pending findings and recommendations, the undersigned again does not find that plaintiff has demonstrated exceptional circumstances warranting the appointment of counsel.[1] While the court is not unsympathetic to the difficulties posed by the pandemic, parties and the court are finding ways to adjust and continue with their litigation obligations. The findings and recommendations issued over seven months ago, yet prison records reflect plaintiff has taken no steps to access the library or legal materials. Plaintiff is reminded that he is required to prosecute his action; he must follow prison rules and regulations in order to obtain access to his legal materials, to gain physical access to the law library, and to avail himself of the prison paging system. In an abundance of caution, plaintiff is granted one final extension of time in which to file objections to the findings and recommendations. No further extensions of time will be granted absent a showing of substantial cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration (ECF No. 90) is granted;

2. Upon reconsideration, plaintiff's renewed request for appointment of counsel (ECF No. 90) is denied; and

3. Plaintiff is granted forty-five days from the date of this order in which to file objections to the findings and recommendations (ECF No. 81).

Dated: November 30, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bivi0389.36c

---

[1] In certain "exceptional circumstances," a court may appoint an attorney to represent a pro se plaintiff. See 28 U.S.C. 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether "exceptional circumstances" exist requires consideration of the plaintiff's "likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).